United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Danyl Brunett,                                       Case No. 07-55013-R
              Debtor.                       Chapter 7
_____/

Micco Construction Co.,
              Plaintiff,

v.                                                     Adv. No. 07-6414

Danyl M. Brunett,
              Defendant.
_____/

Opinion Regarding Cross-Motions for Summary Judgment

I.

The debtor, Danyl Brunett, was the president of Romeo Mechanical, Inc. The plaintiff, Micco Construction, Co., contracted with Romeo to provide plumbing services in connection with the construction of a Wal-Mart in Fort Gratiot, Michigan. In November of 2006, Micco filed a state court action against Brunett and Romeo for breach of contract and violation of the Michigan Builders' Trust Fund Act. Micco alleged that it paid Romeo and Brunett a total of $368,269.80 during the project and that Romeo and Brunett diverted some or all of the funds to their own use and failed to pay subcontractors. Micco sought a judgment of $249,632.06. On January 17, 2007, Micco obtained a default judgment against Brunett and Romeo in the amount of $251,803.58 due to their failure to appear and defend the action.

On August 1, 2007, Brunett filed for chapter 7 relief. Micco filed this adversary proceeding against Brunett on October 1, 2007, for a determination of dischargeability of debt under 11 U.S.C.

§ 523(a)(4) due to a violation of the Michigan Builders' Trust Fund Act. Both parties have filed motions for summary judgment.

II.

Micco contends that res judicata and collateral estoppel apply to the default judgment as to the amount of the debt and as to whether Brunett violated the MBTFA. Micco asserts that the violation of the MBTFA creates a nondischargeable debt under § 523(a)(4).

Even if res judicata and collateral estoppel are not applicable, Micco contends that it is entitled to summary judgment because there are no genuine issues of material fact as to Brunett's violation of the MBTFA.

Brunett contends that he did not participate in the state court action because he was caring for his ill daughter. He argues that because he did not participate in the state court action, the issues were not actually litigated and therefore collateral estoppel does not apply.

III.

Under the Michigan Builders' Trust Fund Act, a contractor doing business in Michigan is prohibited from retaining or using construction payments from a particular project until all laborers, subcontractors, and materialmen have been paid. *People v. Brown*, 610 N.W.2d 234, 237 (Mich. App. 2000). In particular, § 570.151 of the Act provides that:

> Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

2

M.C.L.A. § 570.151.

11 U.S.C. § 523(a)(4) prevents the discharge of a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. The Sixth Circuit has held that the Michigan Builders' Trust Fund Act makes the contractor a fiduciary with respect to the funds paid to him by the owner so as to render the debt arising from the contractor's misapplication of those funds a defalcation under section 523(a)(4) of the Bankruptcy Code. *Carlisle Cashway, Inc. v. Johnson* (*In re Johnson*), 691 F.2d 249 (6th Cir. 1982). Under § 523(a)(4), a defalcation occurs when a debtor either misappropriates or fails to properly account for those funds held in a trust. *R.E. America Inc. v. Garver (In re Garver)*, 116 F.3d 176, 180 (6th Cir. 1997), *citing Capitol Indemnity Corp. v. Interstate Agency, Inc.* (*In re Interstate Agency, Inc.*), 760 F.2d 121, 125 (6th Cir. 1985).

The doctrine of collateral estoppel can be applied by a bankruptcy court to avoid relitigating any grounds for nondischargeability which were previously litigated in a prior proceeding. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires the bankruptcy court to refer to the preclusion law of the state in which the judgment was rendered to determine its preclusive effect. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327 (1985). *See also Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997); *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 862 (Bankr. E.D. Mich. 1997). If the state court judgment would receive preclusive effect in the state where it was rendered, the bankruptcy court must give that judgment preclusive effect unless it determines that an exception to § 1738 should apply. *Marrese*, 470 U.S. at 386. The Sixth Circuit has held that no such exception exists under the circumstances of a default judgment. *Calvert*, 105 F.3d at 322; *Rally Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995).

3

Under Michigan law, collateral estoppel precludes the relitigation of an issue in a subsequent, different action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined. *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990).

An issue is "actually litigated" if it is "put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined." *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. App.1986). An issue may be actually litigated without a trial. *Id.* at 627 (claim was "actually litigated" for collateral estoppel purposes when trial court dismissed it on motion for directed verdict at close of claimant's opening statement).

Brunett contends that because he did not participate in the state court litigation and a default judgment was issued, the matter was not "actually litigated." Case law is split as to whether a "true default," i.e., a default judgment entered because the defendant failed to file an answer or otherwise participate in the proceeding, is entitled to collateral estoppel effect under Michigan law. In *Waldorf*, this Court suggested that the Michigan Supreme Court would likely give collateral estoppel effect to true default judgments. *Waldorf,* 206 B.R. at 867-68.

Conversely, in *Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 913 (Bankr. W.D. Mich. 1996), the court held:

> The highest court of Michigan would very probably decide that a default judgment, entered after the defendant has filed an answer which contests material facts, is entitled to collateral estoppel effect. To the contrary, when no answer has been filed, i.e., in the instance of a "true default," collateral estoppel does not apply.

*Id.* at 913.

In *Building Comm., Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29, 37-38 (Bankr. E.D. Mich. 2005), the court adopted the reasoning of *Kalita* in concluding that the defendant had sufficient participation in the state court action for the state court default judgment to be given preclusive effect. Similarly, in *Wellinger v. Borton* (*In re Wellinger*), 371 B.R. 249, 253 (E.D. Mich. 2007), the court held that if the former judgment was entered by default, the issue was "actually litigated" only if the defaulting party also had "substantial participation" in the litigation. *See also Robinson v. Callender* (*In re Callender*), 212 B.R. 276, 280 (Bankr. W.D. Mich. 1997) (The defaulting party "actually litigated" the previous action by filing an answer and "substantially participat[ing] in the defense of the underlying state court litigation right up until the eve of trial.").

*Universal Underwriters Group v. Allen* (*In re Allen*), 243 B.R. 683 (Bankr. E.D. Mich. 1999), appears to be the only Michigan bankruptcy case involving a true default which follows the reasoning of *Kalita*. There, the court held that because the debtor did not participate in the state court action, the default judgment entered against her was not entitled to collateral estoppel effect.

Conversely, in *Williams v. Noblit* (*In re Noblit*), 327 B.R. 307, 310 (Bankr. E.D. Mich. 2005), the court held, without discussion, that true defaults are entitled to preclusive effect in Michigan. The *Noblitt* court cited to *Rohe Scientific Corp. v. Nat'l Bank of Detroit*, 350 N.W.2d 280 (Mich. App. 1984) and *Waldorf*. However, because neither of those cases actually so hold, *Noblit* is of little precedential value.

After reviewing all relevant case law, the Court concludes that Michigan would give collateral estoppel effect to true default judgments. Under Michigan law, the entry of a default judgment is equivalent to an admission by the defaulting party as to all of the matters well pleaded. *Lesisko v. Stafford*, 292 N.W. 376, 377 (1940); *Sahn v. Brisson's Estate*, 204 N.W.2d 692, 694

(Mich. App. 1972). The only matters that would not be considered actually litigated would be those not pled.

The Court also notes that Michigan gives full res judicata effect to true default judgments. *Perry & Derrick Co. v. King*, 180 N.W.2d 483, 485 (Mich. App. 1970) (Res judicata applies to default judgments entered for failure to appear, plead or otherwise defend lawsuit.). There is simply no reason to conclude that Michigan would treat collateral estoppel of a true default judgment any differently.

Accordingly, the Court concludes that collateral estoppel applies to the default judgment in this case. Micco is therefore entitled to summary judgment and its motion will be granted.

For Publication

**Signed on October 08, 2008**

                                        **/s/ Steven Rhodes**
                                        **Steven Rhodes**
                                        **Chief Bankruptcy Judge**